1  Marc Toberoff (CA State Bar No. 188547)
     *mtoberoff@ipwla.com*
2  Timothy Lamoureux (CA State Bar No. 294048)
     *tlamoureux@toberoffandassociates.com*
3  TOBEROFF & ASSOCIATES, P.C.
   22837 Pacific Coast Highway, Suite B #348
4  Malibu, CA 90265
   Telephone: (310) 246-3333
5  Facsimile:  (310) 246-3101

6  Attorneys for Plaintiff MARC TOBEROFF

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  In re JULIO CARO                    )    Case No:  1:14-bk-15561-VK
                                        )
12              Debtor                  )    CHAPTER 7
                                        )
13  ─────────────────────────────────  )    ADV. PRO. NO.:
                                        )
14  MARC TOBEROFF, an individual,       )    **CREDITOR MARC**
                                        )    **TOBEROFF'S COMPLAINT TO**
15                                      )    **DETERMINE**
               Plaintiff,               )    **DISCHARGEABILITY OF DEBT**
16                                      )    **PURSUANT TO 11 U.S.C. § 523**
                                        )    **AND DENY DISCHARGE**
17             vs.                      )    **PURSUANT TO 11 U.S.C. § 727**
                                        )
18  JULIO CARO, an individual,          )    (Hearing date to be set by summons.)
                                        )
19                                      )
               Defendant,               )
20                                      )
                                        )
21                                      )
                                        )
22                                      )
                                        )
23                                      )
                                        )
24  ─────────────────────────────────  )

25      Plaintiff, MARC TOBEROFF (hereinafter "TOBEROFF" or the

26  "Plaintiff"), who is the creditor of the above-named debtor, Defendant JULIO

27  CARO (hereinafter "CARO" or the "Defendant"), by and through his attorney of

28  record, alleges as follows:

                                       1

## JURISDICTION AND VENUE

1.    This is an adversary proceeding in the debtor CARO's case No. 1:14-bk-15561-VK under Chapter 7 of Title 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. §§ 157, 523(a)(2)(A), 523(a)(4), 523(a)(6), 727(a)(2), 727(a)(4), 727(c) and 1334. This action is a core proceeding under 11 U.S.C. § 157(b)(2)(A), (I), and (J).

2.    Venue is proper in the United States Bankruptcy Court for the Central District of California pursuant to 11 U.S.C. § 1409(a).

## PARTIES

3.    Plaintiff TOBEROFF is, and at all times relevant hereto, was an individual residing in Los Angeles County, State of California.

4.    Defendant CARO is and, at all times relevant hereto, was an individual residing in Los Angeles County, State of California.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5.    TOBEROFF maintained office space in the Empire State Building in New York, New York in the late 1990s.

6.    During this period, CARO principally operated as an independent artist manager in the music business.

7.    TOBEROFF and CARO were long-time friends.  In or about 1998, CARO approached TOBEROFF to have TOBEROFF furnish CARO with office space and related overhead for his artist management business in exchange for a percentage of CARO's gross revenues from such business.

8.    In or about 1998, CARO and TOBEROFF formed a partnership and entered into a partnership agreement ("Partnership Agreement") regarding CARO's music artist management business and other businesses, pursuant to which TOBEROFF supplied CARO his services and provided CARO office space and overhead for his businesses.  In exchange, CARO promised to pay

COMPLAINT TO DETERMINE DISCHARGEABILITY AND DENY DISCHARGE

TOBEROFF one-third (1/3) to one-half (1/2) of his gross revenues (depending on the artist) and to render periodic accountings.

9.    Pursuant to this partnership, CARO owed fiduciary duties to TOBEROFF, including a heightened duty of candor and complete truthfulness.

10.    Without limitation, CARO induced TOBEROFF to enter into their Partnership Agreement with representations that CARO was on the verge of signing a lucrative recording contract for a female music artist ("Artist") that CARO managed.

11.    For approximately one year after the parties entered into this Partnership Agreement, CARO repeatedly reassured TOBEROFF that the execution of this recording contract was imminent.

12.    In or about 1999, after considerable delay, CARO finally secured this recording contract for his Artist-client and paid TOBEROFF a sum.  CARO represented to TOBEROFF that this sum equaled TOBEROFF's total percentage share of CARO's gross revenues at that time from the record deal pursuant to the parties' Partnership Agreement.

13.    To purportedly substantiate this, CARO furnished TOBEROFF with a copy of a check CARO received from the recording contract.  Given the amount of this check, TOBEROFF's percentage share exactly equaled the amount CARO paid to TOBEROFF.

14.    In reality, however, the check CARO showed TOBEROFF was for a small fraction of the amount CARO had actually received in connection with his Artist's long awaited recording contract.

15.    Unbeknownst to TOBEROFF, CARO received *two* checks in connection with the recording contract.  One was the check CARO showed TOBEROFF to falsely substantiate CARO's fraudulent representations and payment amount to TOBEROFF.  The other check, which was many times larger, CARO concealed with the intent to deceive TOBEROFF and avoid

3

paying the true and considerably higher amount CARO owed his partner TOBEROFF.

16.    On information and belief, CARO had arranged for the amounts payable in connection with his Artist's recording contract to be split-up into two checks to further his plan to deceive TOBEROFF.

17.    Thereafter, TOBEROFF discovered the secreted second check reflecting the full value of the recording contract and CARO's much higher gross revenues, which demonstrated CARO's premeditated fraud and deceit.

18.    Caught red-handed, CARO confessed to his fraud and apologized profusely to TOBEROFF.  To further appease TOBEROFF and appeal to his sympathy, CARO told TOBEROFF that he had acted out of desperation – he alleged that he had borrowed money from a loan shark who, when CARO could not repay that loan, threatened CARO with violence and severe physical injury. CARO further represented that the monies he concealed from TOBEROFF were gone because they went to repay this loan shark.

19.    CARO further convinced TOBEROFF to refrain from suing CARO for his fraud which TOBEROFF had exposed by promising to repay TOBEROFF every penny of the money owed plus interest as soon as CARO had the funds available to him.

20.    On October 12, 1999, at Los Angeles, California, CARO and TOBEROFF therefore executed a Settlement and Release Agreement dated as of October 9, 1999.  This agreement required CARO to simultaneously execute a promissory note payable to TOBEROFF in exchange for TOBEROFF settling and releasing all claims he had as of that date against CARO, including TOBEROFF's claims for CARO's fraud and deceit.

21.    On October 12, 1999, at Los Angeles, California, CARO, for valuable consideration made, executed and delivered to TOBEROFF the promissory note (hereinafter, the "Note") in the principal amount of $125,000,

4

payable to TOBEROFF on demand, plus interest thereon at the rate of ten

percent (10%) per annum.  A true and correct copy of the Note is attached hereto

as "Exhibit 1" and incorporated herein by reference as if fully set out in this

Complaint.

22.     In the Note, CARO agreed to the calculation of interest based on a

360-day year (for ease of calculation in partial years).  For reasons of fairness,

however, interest under the Note for complete years was calculated by

TOBEROFF using a 365-day year, while interest in partial years was calculated

using a 360-day year.

23.     In the Note, CARO waived the operation and effect of the statute of

limitations to the fullest extent provided by law, and also waived presentment

for payment, notice of nonpayment, and notice of dishonor of the Note.

Defendant CARO further waived any objection to any forum in California

selected for any action to enforce the Note.

24.     CARO and TOBEROFF subsequently resumed their friendship.

25.     By 2007, however, CARO had not repaid the Note, or any

meaningful portion thereof. Thus, on or about June 28, 2007, TOBEROFF made

an unambiguous demand to CARO for payment of the Note.

26.     Both before and after this demand was made, CARO made

numerous representations to TOBEROFF regarding CARO's then-current

inability to pay the Note, pointing to a variety of professional disappointments

and personal family problems that TOBEROFF believed and sympathized with

in light of his long-time friendship with CARO.  To reassure TOBEROFF,

CARO coupled these representations with credible descriptions of pending new

sources of income, and promises that as soon as he had a positive cash flow he

would pay down his Note, and emphasized to TOBEROFF that in the meantime

he was getting a solid return based on the interest payable under the Note.

///

COMPLAINT TO DETERMINE DISCHARGEABILITY AND DENY DISCHARGE

27.    On September 5, 2014, with no payment from CARO forthcoming, TOBEROFF filed an action for payment of the Note in the Superior Court of California, County of Los Angeles (Case No. SC123076) to preserve his rights. At the time of filing this action, CARO owed TOBEROFF the principal amount of $125,000 plus $185,250 in unpaid interest under the Note.

28.    On or about September 5, 2014, CARO met with TOBEROFF wherein he agreed that he would not oppose TOBEROFF's complaint and consented to TOBEROFF obtaining a default judgment. At this time CARO also reassured TOBEROFF that considerable monies were soon payable to him as producer fees in connection with various motion picture projects in production and pre-production.  CARO asked only that TOBEROFF forbear until late December 2014 before obtaining a default judgment, stating that he feared a judgment could negatively affect the education loan he was obtaining for his daughter.

29.    TOBEROFF agreed to wait to move for a default judgment as requested by CARO, while, unbeknownst to him, CARO was preparing to file for bankruptcy in an attempt to wipe out his debt to TOBEROFF.  On December 17, 2014, CARO voluntarily filed for bankruptcy. CARO listed TOBEROFF as a creditor on his Schedule F, and the amount CARO owed TOBEROFF as of December 17 on the Note equals $318,447.99.  The 341 meeting was held on January 20, 2015 and the deadline for objecting to discharge is March 23, 2015. This complaint is therefore timely filed.

_____

30.    CARO's misrepresentations to TOBEROFF alleged hereinabove were known by CARO to be false when made or were made by CARO with reckless disregard as to their truth or falsity.  CARO's acts and omissions described hereinabove were designed to deceive TOBEROFF in connection with the Partnership Agreement and the Settlement and Release Agreement and Note.

COMPLAINT TO DETERMINE DISCHARGEABILITY AND DENY DISCHARGE

1   It is clear from CARO's devious conduct and manipulations that CARO never

2   had any real intention to perform the promises that he made to TOBEROFF in

3   both his original Partnership Agreement and/or in his subsequent Settlement and

4   Release Agreement and Note.

5       31.     CARO's false pretenses, representations, assurances and omissions

6   alleged hereinabove were material to TOBEROFF entering into both the

7   Partnership Agreement and the Settlement and Release Agreement and Note.

8   CARO knew this well and intended to give TOBEROFF the false impression

9   CARO would honor his promises while having no intention of doing so.  CARO

10  preyed on TOBEROFF's perceived longstanding friendship with CARO to

11  induce TOBEROFF to rely on CARO's false pretenses, promises and

12  representations, and based on that friendship and CARO's detailed

13  representations and assurances TOBEROFF reasonably relied on the same to his

14  detriment.

15      32.     CARO's false promises, misrepresentations, material omissions and

16  deceit proximately caused TOBEROFF significant injury.

17                    **FIRST CLAIM FOR RELIEF**

18  (For a Determination That CARO's Debt to TOBEROFF Is Not Dischargeable

19                  Pursuant to 11 U.S.C. §523(a)(2)(A))

20      33.     Plaintiff re-alleges and incorporates by reference paragraphs 1

21  through 32 inclusive, as though fully set forth herein.

22      34.     The October 12, 1999 Settlement and Release Agreement and

23  corresponding Note settled, among other claims, claims for CARO's fraud

24  and/or deceit rendering the debt CARO incurred under that agreement and Note

25  non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Furthermore, CARO induced

26  the parties' original Agreement and subsequent Settlement and Release

27  Agreement and Note giving rise to his debt by false pretenses, false

28  representations and/or actual fraud.

35.    CARO's false pretenses, false representations and/or actual fraud render CARO's debt under his Settlement and Release Agreement and corresponding Note non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

(For a Determination That CARO's Debt to TOBEROFF Is Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(4))

36.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 inclusive, as though fully set forth herein.

37.    CARO's debt arises from fraud, deceit and/or defalcation while acting in a fiduciary capacity and owing fiduciary duties to TOBEROFF as his partner. The debt is therefore non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

## THIRD CLAIM FOR RELIEF

(For a Determination That CARO's Debt to TOBEROFF Is Not Dischargeable Pursuant to 11 U.S.C. §523(a)(6))

38.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 inclusive, as though fully set forth herein.

39.    CARO's debt under the October 12, 1999 Settlement and Release Agreement and Note is attributable to CARO's willful and malicious actions and omissions which acts and omissions proximately caused injury to TOBEROFF.

40.    CARO's willful and malicious acts and omissions as set forth in this Complaint render CARO's debt under his Settlement and Release Agreement and corresponding Note non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## FOURTH CLAIM FOR RELIEF

(Objecting to Discharge of Debtor, CARO, pursuant to 11 U.S.C. § 727(a)(2))

41.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 inclusive, as though fully set forth herein.

COMPLAINT TO DETERMINE DISCHARGEABILITY AND DENY DISCHARGE

42.    On September 5, 2014, CARO informed TOBEROFF that he had considerable fees in excess of $200,000 payable to him as a producer in connection with a film currently in production.  In fact, the Internet Movie Database, www.imdb.com, a leading entertainment industry database, lists CARO as the producer of the 2015 film *Boneyard Canteen* at http://www.imdb.com/name/nm0138918/.

43.    The Internet Movie Database additionally lists CARO as the producer or executive producer of no less than *fourteen* additional films for which, upon information and belief, CARO received both fixed compensation and most notably, contingent compensation in the form of an ongoing profit participation or royalty as is customary in the entertainment industry.

44.    In addition, from 2011 to the present date, CARO has served as a principal of 123 Uno Dos Tres, a talent management company as listed by CARO himself on the professional networking website Linkedin at https://www.linkedin.com/pub/julio-caro/24/338/372.

45.    Further, and without limitation, TOBEROFF recently witnessed CARO driving a Mini-Cooper and CARO informed TOBEROFF that CARO owned and drove this car.

46.    Tellingly, CARO omitted from his Schedule B, all other Schedules, and his Statement of Financial Affairs any mention whatsoever of his pending fixed and contingent compensation from the aforementioned motion picture *Boneyard Canteen*; his agreements and ongoing financial interest with respect to the aforementioned additional fourteen motion pictures which he produced; and/or his Mini-Cooper.

47.    In addition to the above, CARO served as a key executive of Bunim Murray Productions in Los Angeles from August 2012 to November 2014 and received a substantial annual salary, which, on information and belief, equaled over $200,000.00.

COMPLAINT TO DETERMINE DISCHARGEABILITY AND DENY DISCHARGE

48.    CARO has also been the owner from 2009 to the present date of J Caro Management in Los Angeles which manages a number of successful actors, writers, producers and directors, including without limitation, Jason Day, Jessy Terrero, Erika Bagnarello and Daniel Duran; and Plaintiff is informed and believes that in connection therewith CARO receives material management fees on an ongoing basis.  CARO also owns all or part of a number of additional entertainment companies and ventures, which Plaintiff is informed and believes have, like J Caro Management, financial value.

49.    CARO is also extremely sophisticated in financial affairs.  CARO graduated from Cornell University.  Prior to working in the entertainment industry, CARO was Vice President of Manufacturers Hanover Trust, now Chase Bank, where CARO specialized in asset-based lending, leveraged buyouts, mergers and acquisitions.

50.    Given all of the above, it is simply not credible that CARO's financial accounts consist solely of the Wells Fargo accounts listed in his Schedule B herein, totaling a mere $1,755.31.

51.    Plaintiff is informed and believes and based thereon alleges that CARO has or controls significant additional financial accounts and assets not listed in his Schedule B, including significant offshore accounts that CARO has intentionally omitted from his Schedule B.

52.    Plaintiff is informed and believes that shortly before voluntarily filing his bankruptcy petition CARO travelled abroad, including to Venezuela and to the Dominican Republic where CARO has close family ties.

53.    Plaintiff is further informed and believes and based thereon alleges that within one year before the date of the filing of his petition or after the date of the filing of his petition, Defendant CARO transferred, removed, destroyed or concealed, or permitted to be transferred, removed, destroyed or concealed his

///

COMPLAINT TO DETERMINE DISCHARGEABILITY AND DENY DISCHARGE

personal assets with the intent to hinder, delay or defraud a creditor or an officer

of the estate charged with custody of property under the Bankruptcy Code.

54.     For these reasons the discharge of the Defendant should be denied

pursuant to 11 U.S.C. § 727(a)(2).

## FIFTH CLAIM FOR RELIEF

(Objecting to Discharge of Debtor, CARO, pursuant to 11 U.S.C. § 727(a)(4))

55.     Plaintiff re-alleges and incorporates by reference paragraphs 1

through 54 inclusive, as though fully set forth herein.

56.     Defendant CARO signed his Statement of Financial Affairs and

Schedules in this bankruptcy proceeding under penalty of perjury.

57.     Notwithstanding this, CARO made material false statements in his

Schedule B herein, including, without limitation, omitting his agreements and

financial participation with respect to at least fifteen motion pictures, and, upon

information and belief, by omitting his interests in, and/or transfers of, additional

bank accounts, financial assets and other assets.  Plaintiff is further informed and

believes and based thereon alleges that CARO intentionally omitted such

interests in all of his filings with the bankruptcy court, including his Statement

of Financial Affairs.

58.     Plaintiff is further informed and believes and based thereon alleges

that CARO made the aforementioned false statements with knowledge that they

were false or with a reckless disregard for their truth or falsity.

59.     Plaintiff is further informed and believes and based thereon alleges

that Defendant made said statements with fraudulent intent.

60.     Plaintiff is further informed and believes and based thereon alleges

that Defendant CARO made false oaths and accounts and withheld from an

officer of the estate entitled to possession under this title, recorded information,

including books, documents, records, and papers, relating to the debtor CARO's

property or financial affairs.

COMPLAINT TO DETERMINE DISCHARGEABILITY AND DENY DISCHARGE

61.     For these reasons the discharge of the Defendant should be denied pursuant to 11 U.S.C. § 727(a)(4).

**WHEREFORE**, Plaintiff TOBEROFF prays for judgment against Defendant CARO as follows:

### ON THE FIRST CLAIM FOR RELIEF

1.     For a determination that Defendant CARO's debt to Plaintiff TOBEROFF is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

### ON THE SECOND CLAIM FOR RELIEF

2.     For a determination that Defendant CARO's debt to Plaintiff TOBEROFF is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4);

### ON THE THIRD CLAIM FOR RELIEF

1.     For a determination that Defendant CARO's debt to Plaintiff TOBEROFF is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

### ON THE FOURH CLAIM FOR RELIEF

1.     For a determination that Defendant CARO's discharge not be entered pursuant to 11 U.S.C. § 727(a)(2);

### ON THE FIFTH CLAIM FOR RELIEF

1.     For a determination that Defendant CARO's discharge not be entered pursuant to 11 U.S.C. § 727(a)(4);

### ON ALL CLAIMS FOR RELIEF

1.     For exemplary and punitive damages as allowed by law in an amount according to proof at time of trial;

2.     For reasonable attorneys' fees and costs of suit incurred herein as allowed by law; and

3.     For such other and further relief as the Court deems just and proper.

///

///

///

COMPLAINT TO DETERMINE DISCHARGEABILITY AND DENY DISCHARGE

Dated: March 23, 2015

TOBEROFF & ASSOCIATES, P.C.

By:    /s/ Marc Toberoff

Marc Toberoff

Attorney for Plaintiff Marc Toberoff

COMPLAINT TO DETERMINE DISCHARGEABILITY AND DENY DISCHARGE

# Exhibit 1

Los Angeles, California

$125,000.00                                                    October 17, 1999

ON DEMAND, for value received, I promise to pay to the order of

Marc Toberoff ("Toberoff"), the sum of One Hundred and Twenty-Five Thousand Dollars

($125,000.00) lawful money of the United States, together with interest at the rate of ten

percent (10%) per year (computed on the basis of a 360-day year) from the date hereof.

The undersigned Maker agrees that if action is taken to enforce or collect this Note

for nonpayment upon demand, including legal action, the undersigned agrees to pay all

costs and expenses thereof, including reasonable attorneys' fees, in addition to any other

relief to which Toberoff may be entitled. This provision is applicable to this entire Note.

No extension of time for payment of all or any part of the amount owing on this

Note will affect the liability of the undersigned Maker. The Maker hereby waives the

operation and affect of the statute of limitations with respect to this Note, and any action on

this Note, to the fullest extent permitted by law. The Maker hereby waives presentment for

payment, notice of nonpayment, and notice of dishonor of this Note. The Maker hereby

waives trial by jury in any litigation arising out of or relating to this Note in which Toberoff

is an adverse party; and further waives the right to interpose any defense, set-off, or

counterclaim of any nature or description, which rights are knowingly and expressly

waived except as provided by law. The undersigned Maker hereby acknowledges that the

above waivers are intentionally made with full knowledge of the rights waived.

This Note will be governed by the laws of the State of California, including the

Uniform Commercial Code in force in the State of California.

MAKER:

_____

JULIO CARO

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Marc Toberoff, an individual<br>Address: 22837 Pacific Coast Highway,<br>Suite B #348 Malibu, CA 90265<br>Telephone: (310) 246-3333 | DEFENDANTS<br>Julio Caro, an individual<br>Address: 4711 Abbeyville Ave.<br>Woodland Hills, CA 91364 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Marc Toberoff (CA State Bar No. 188547)<br>Timothy Lamoureux (CA State Bar No. 294048)<br>TOBEROFF & ASSOCIATES, P.C.<br>22837 Pacific Coast Highway, Suite B #348 Malibu, CA 90265<br>Telephone: (310) 246-3333 | ATTORNEYS (If Known)<br>James R Selth (CA State Bar No. 123420)<br>Weintraub & Selth APC<br>11766 Wilshire Blvd Ste 1170<br>Los Angeles, CA 90025<br>310-207-1494 |
| PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) |
|---|
| Debt is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(1)(A), 523(a)(4), and 523(a)(6). Debt cannot be discharged pursuant to 11 U.S.C. §§ 727(a)(2) and 727(a)(4). |

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 318,447.99 |

| Other Relief Sought |
|---|
| |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Julio Caro | BANKRUPTCY CASE NO. 1:14-bk-1556t1-VK | |
| DISTRICT IN WHICH CASE IS PENDING  Central District | DIVISION OFFICE  San Fernando Valley | NAME OF JUDGE  Victoria S. Kaufman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE  3/23/2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Marc Toberoff | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.