Daniel J. Weintraub - Bar #132111
James R. Selth - Bar #123420
Elaine V. Nguyen - Bar #256432
WEINTRAUB & SELTH, APC
11766 Wilshire Boulevard, Suite 1170
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile: (310) 442-0660

Attorneys for Debtor and Defendant,
JULIO CARO

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO DIVISION

| | |
|---|---|
| In re | Chapter 7 |
| JULIO CARO, | Bankruptcy No. 1:14-bk-15561-VK |
| Debtor, | Adversary No. 1:15-ap-01039-VK |
| | **ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND DENY DISCHARGE** |
| MARC TOBEROFF, an individual, | |
| Plaintiff, | Status Conference: |
| vs. | Date:    May 20, 2015
Time:    1:30 p.m. |
| JULIO CARO, an individual, | Place:   Courtroom 301 |
| Defendant. | |

Debtor and Defendant, JULIO CARO ("Defendant"), by his undersigned counsel, answers the Complaint to Determine Dischargeability of Debt and Deny Discharge by Plaintiff, MARC TOBEROFF ("Plaintiff"), by stating as follows:

1.   In response to Paragraph 1 of the Complaint, Defendant admits.

//

1

1     2.    In response to Paragraph 2 of the Complaint, Defendant
2 admits.

3     3.    In response to Paragraph 3 of the Complaint, Defendant
4 is without sufficient knowledge or information to form a belief as
5 to the truth of the allegations contained in said paragraph, and
6 on that basis denies the allegations contained therein. Defendant
7 specifically denies that Plaintiff resided in Los Angeles County,
8 California "at all times relevant hereto" since Plaintiff lived in
9 New York during part of the time period referred to in the
10 Complaint.

11     4.    In response to Paragraph 4 of the Complaint, Defendant
12 denies that he resided in Los Angeles County, California "at all
13 times relevant hereto" since Defendant lived in New York until on
14 or about March, 1998.

15     5.    In response to Paragraph 5 of the Complaint, Defendant
16 admits that Plaintiff's father maintained offices in the Empire
17 State Building, but denies that Plaintiff maintained said office
18 space "in the late 1990s".

19     6.    In response to Paragraph 6 of the Complaint, Defendant
20 denies that he principally operated as an independent artist
21 manager in the music business "in the late 1990s". Defendant
22 ceased operating as an independent artist manager in the music
23 business on or about 1993 and did not resume said activities until
24 on or about 2005.

25     7.    In response to Paragraph 7 of the Complaint, Defendant
26 denies that Defendant approached Plaintiff regarding office space
27 "in or about 1998". Said discussion occurred in or about 1990.
28 Plaintiff admits that the balance of the paragraph is generally

1  correct.

2      8.    In response to Paragraph 8 of the Complaint, Defendant
3  denies that Plaintiff and Defendant formed a "partnership
4  agreement" and denies that there was an agreement for Plaintiff to
5  provide services to Defendant.  Defendant admits that there was an
6  agreement for Plaintiff to provide Defendant with space in his
7  father's offices in exchange for a percentage of revenues
8  Defendant earned as an artist's manager, but denies that said
9  agreement was entered into "in or about 1998".  Said agreement was
10 entered into in or about 1990.

11     9.    In response to Paragraph 9 of the Complaint, Defendant
12 denies that there was a partnership or that he owed Plaintiff any
13 fiduciary duty.

14     10.   In response to Paragraph 10 of the Complaint, Defendant
15 denies that there was a partnership agreement with Plaintiff or
16 that he "induced" Plaintiff to enter into any agreement.
17 Defendant admits that he had a female artist client ("Artist") who
18 he signed to a new contract with MCA in or about mid 1990.

19     11.   In response to Paragraph 11 of the Complaint, Defendant
20 denies that there was a partnership agreement, and if there were
21 any such communications with Plaintiff, denies that they occurred
22 in 1998 or 1999 since the Artist was signed to the recording
23 contract in or about mid 1990, and the Artist's first album under
24 said contract was released on or about March, 1991.

25     12.   In response to Paragraph 12 of the Complaint, Defendant
26 denies that the recording contact for the Artist was secured in or
27 about 1999, since the Artist was signed to the recording contract
28 in or about mid 1990, and the Artist's first album under said

contract was released on or about March, 1991. Defendant admits that he paid Plaintiff the agreed upon sum for the revenues Defendant earned as the Artist's manager under this contract and that he truthfully represented to Plaintiff that these were the only revenues he earned as the Artist's manager, constituting 20% of the artist advance under the recording contract.

13. In response to Paragraph 13 of the Complaint, Defendant admits that he provided Plaintiff with a copy of the check representing the only revenues he earned as the Artist's manager, but denies that this occurred in or about 1999 since the Artist was signed to the recording contract in or about mid 1990, and the Artist's first album under said contract was released on or about March, 1991.

14. In response to Paragraph 14 of the Complaint, Defendant denies.

15. In response to Paragraph 15 of the Complaint, Defendant denies. The second check referred to in Paragraph 15 was a check for $65,000 which was not earned by Defendant as the Artist's manager under the recording contract, but were funds owed to a third party who had advanced money to the Artist and demanded to be paid from recording funds paid by the record label, to which the record label consented. Defendant received none of these funds, all of which were paid to the third party.

16. In response to Paragraph 16 of the Complaint, Defendant denies.

17. In response to Paragraph 17 of the Complaint, Defendant denies.

//

18.  In response to Paragraph 18 of the Complaint, Defendant denies, however Defendant admits that the third party referred to in Paragraph 15 of this Answer had threatened Defendant if he was not repaid the monies he had advanced to the Artist.

19.  In response to Paragraph 19 of the Complaint, Defendant denies.

20.  In response to Paragraph 20 of the Complaint, Defendant admits that more than eight years after the events referred to hereinabove, and after any claims held by Plaintiff were barred by the applicable statutes of limitations in New York and California, and without being represented by counsel, he entered into a Settlement and Release Agreement with Plaintiff (an attorney) on October 12, 1999.  Defendant denies that the Settlement and Release Agreement, a copy of which is attached hereto as Exhibit "A", makes any reference to "fraud and deceit".

21.  In response to Paragraph 21 of the Complaint, Defendant admits that concurrently with the Settlement and Release Agreement he executed a Promissory Note for a sum many times larger than disputed portion of the second check which Plaintiff claimed he was due.  Defendant denies that the Promissory Note was given for valuable consideration, as Plaintiff held no actionable claim which could be released since any claims held by Plaintiff were barred by the applicable statutes of limitations in New York and California.

22.  In response to Paragraph 22 of the Complaint, Defendant states that the Note speaks for itself.  As to the motivation of Plaintiff in drawing the Note, Defendant is without sufficient knowledge or information to form a belief as to the truth of said

1 allegations, and on that basis denies said allegations.

2    23.  In response to Paragraph 23 of the Complaint, Defendant states that the Note speaks for itself.

3    24.  In response to Paragraph 24 of the Complaint, Defendant admits that he remained friendly with Plaintiff.

4    25.  In response to Paragraph 25 of the Complaint, Defendant denies.

5    26.  In response to Paragraph 26 of the Complaint, Defendant denies.

6    27.  In response to Paragraph 27 of the Complaint, Defendant admits Plaintiff filed an action on Promissory Note in the Los Angeles County Superior Court on September 5, 2014, and denies each and every other allegation contained therein.

7    28.  In response to Paragraph 28 of the Complaint, Defendant admits that he met with Plaintiff on or about September, 2014 to discuss the lawsuit and his efforts to obtain a student loan for his daughter, and denies each and every other allegation contained therein.

8    29.  In response to Paragraph 29 of the Complaint, Defendant admits that he filed a bankruptcy case, that he listed Plaintiff on his Schedule F, and that the 341(a) Meeting was held on January 20, 2015, and denies each and every other allegation contained therein.  Defendant specifically denies that Plaintiff did not move for a default judgment before Defendant's bankruptcy case was filed since Plaintiff filed a Request for Default Judgment in the Superior Court or about November 25, 2014, which was rejected by the clerk on or about December 12, 2014.

//

30. In response to Paragraph 30 of the Complaint, Defendant denies.

31. In response to Paragraph 31 of the Complaint, Defendant denies.

32. In response to Paragraph 32 of the Complaint, Defendant denies.

33. In response to Paragraph 33 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 32 of this Answer as through fully set forth herein.

34. In response to Paragraph 34 of the Complaint, Defendant denies.

35. In response to Paragraph 35 of the Complaint, Defendant denies.

36. In response to Paragraph 36 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 35 of this Answer as through fully set forth herein.

37. In response to Paragraph 37 of the Complaint, Defendant denies.

38. In response to Paragraph 38 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 37 of this Answer as through fully set forth herein.

39. In response to Paragraph 39 of the Complaint, Defendant denies.

40. In response to Paragraph 40 of the Complaint, Defendant denies.

41. In response to Paragraph 41 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 40 of this Answer as through fully set forth herein.

42. In response to Paragraph 42 of the Complaint, Defendant denies. Plaintiff has listed the incorrect film which Plaintiff and Defendant discussed on or about September, 2014. The actual film which Defendant discussed with Plaintiff on or about September, 2014 was not in production, and is still not in production as of the date of this Answer. Defendant had not signed a producer agreement for said film, and has still not signed a producer agreement for said film as of the date of this Answer. Defendant denies that the website known as IMDB is accurate or reliable.

43. In response to Paragraph 43 of the Complaint, Defendant denies. No profits or royalties have been received by Defendant for any film for which he was a producer. Defendant has received no monies from any of the films he produced other than his producer fee. Defendant denies that the website known as IMDB is accurate or reliable.

44. In response to Paragraph 44 of the Complaint, Defendant denies. Defendant is not an owner, officer or employee of said entity. Defendant denies that the website known as LinkedIn is accurate or reliable.

45. In response to Paragraph 45 of the Complaint, Defendant denies. Defendant leased a Mini Cooper in approximately 2004-2007 and has not driven one since.

46. In response to Paragraph 46 of the Complaint, Defendant admits that he did not list any assets in his Schedules and Statement of Financial Affairs which he did not own or have an interest.

//

47. In response to Paragraph 47 of the Complaint, Defendant denies. Said employment ended in October, 2014 and Defendant never received over $200,000 in annual salary.

48. In response to Paragraph 48 of the Complaint, Defendant denies. Jcaro Management, Inc. was not incorporated until September, 2014. Defendant received income in 2014 from only one of the individuals listed, which income was disclosed in Defendant's Statement of Financial Affairs. Defendant listed every entity in which he has an ownership interest in his Statement of Financial Affairs.

49. In response to Paragraph 49 of the Complaint, Defendant generally admits, but denies that he is "extremely sophisticated in financial affairs".

50. In response to Paragraph 50 of the Complaint, Defendant denies.

51. In response to Paragraph 51 of the Complaint, Defendant denies.

52. In response to Paragraph 52 of the Complaint, Defendant admits that he has traveled to the Dominican Republic and Venezuela for business, and admits he has relatives in the Dominican Republic.

53. In response to Paragraph 53 of the Complaint, Defendant denies.

54. In response to Paragraph 54 of the Complaint, Defendant denies.

55. In response to Paragraph 55 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 54 of this Answer as through fully set forth herein.

56. In response to Paragraph 56 of the Complaint, Defendant admits.

57. In response to Paragraph 57 of the Complaint, Defendant denies.

58. In response to Paragraph 58 of the Complaint, Defendant denies.

59. In response to Paragraph 59 of the Complaint, Defendant denies.

60. In response to Paragraph 60 of the Complaint, Defendant denies.

61. In response to Paragraph 61 of the Complaint, Defendant denies.

## AFFIRMATIVE DEFENSES

As Affirmative Defenses to the Complaint to Determine Dischargeability of Debt and Deny Discharge, Defendant pleads as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts to state a viable cause of action under 11 U.S.C. § 523(a)(2)(A).

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts to state a viable cause of action under 11 U.S.C. § 523(a)(4).

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts to state a viable cause of action under 11 U.S.C. § 523(a)(6).

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts to state a viable cause of action under 11 U.S.C. § 727(a)(2).

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts to state a viable cause of action under 11 U.S.C. § 727(a)(4).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff does not have sufficient evidence to establish the required elements of the causes of action in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under 11 U.S.C. Section 523 were all barred by the applicable statutes of limitations, both in New York under Civil Practice Law and Rules Section 213(8) and in California under Code of Civil Procedure Section 338, at the time the Settlement and Release Agreement and Promissory Note were executed in 1999.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were due to the actions or negligence of himself or others and were not a result of the actions or omissions of Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by his own conduct, to claim any fraudulent or willful and malicious conduct by Defendant.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff consented to all actions taken by Defendant, either explicitly or impliedly.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of exemplary damages under a Complaint to Determine Dischargeability of Debt and Deny

Discharge.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of attorneys' fees for prosecution of a Complaint to Determine Dischargeability of Debt and Deny Discharge.

**WHEREFORE**, Defendant prays that this Court deny the relief requested by Plaintiff, that Plaintiff be awarded nothing on his Complaint, that any obligation of Defendant be declared dischargeable, that Defendant's discharge be entered, and that Defendant be awarded his costs of suit, and for such other relief as the Court deems proper.

WEINTRAUB & SELTH, APC

Dated: April 23, 2015        By: /s/ 
Daniel J. Weintraub
James R. Selth
Elaine V. Nguyen
Attorneys for Debtor and
Defendant, JULIO CARO

# EXHIBIT "A"

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made and entered into as of this 9th day of October 1999 by and between JULIO CARO ("Caro"), 212 Maybery Road, Santa Monica, CA 90402 and MARC TOBEROFF ("Toberoff"), 23852 Pacific Coast Highway, Suite 555, Malibu, CA 90265, (collectively, the "Parties") with reference to the following facts:

      A.    Caro and Toberoff heretofore entered into an agreement ("Partnership Agreement") regarding Caro's music artist management business and other businesses, pursuant to which Toberoff supplied Caro his services and provided Caro office space and overhead for his businesses. In exchange, Caro promised to pay Toberoff one-third (1/3) to one-half (1/2) of his gross revenues (depending on the artist) and to render periodic accountings.

      B.    A dispute ("Dispute") has arisen regarding Toberoff's claim that Caro failed to pay Toberoff his share of revenues pursuant to their Partnership Agreement.

      C.    The Parties now wish to settle and resolve all claims, disputes and differences existing between them arising out of or in connection with the Dispute or Partnership Agreement, on the terms set forth below.

      NOW, THEREFORE, in consideration of the foregoing, for other good and valuable consideration the receipt of which is hereby acknowledged, and of the covenants and agreements set forth below, the Parties hereby agree as follows:

      1.    Simultaneously herewith, Caro will execute a promissory note ("Note") payable on demand to the order of Toberoff in the amount of One Hundred and Twenty-Five Thousand Dollars ($125,000.), bearing interest from the date thereof at ten percent (10%) per annum; which Note shall be attached hereto as Exhibit "A".

      2.    The Parties hereby knowingly waive and relinquish any and all rights which they may otherwise have to recover damages, costs, attorneys fees or any other relief as a consequence of or in connection with the Dispute or Partnership Agreement (the "Released Matters"), except those arising out of or in connection with this Agreement and/or the Note.

      3.    In consideration of the agreements, covenants and releases contained herein, it is agreed that Toberoff, on the one hand, and Caro on the other, as well as their respective agents, representatives, attorneys, agents, predecessors, successors and assigns (the "Releasing Parties"), shall and do hereby forever relieve, release and discharge each other, and their respective agents, representatives, attorneys, agents, predecessors, successors and assigns, from any and all claims, debts, liens, liabilities, demands, obligations, promises, acts, costs and expenses, damages, actions and causes of action, of whatever kind or nature, whether known or unknown, suspected or unsuspected, with respect to the Released Matters, except those arising out of or in connection with this Agreement and/or the Note.

      4.    This Agreement effects the settlement of claims, present and possible, and nothing contained herein shall be construed as an admission.

      5.    The Parties warrant and represent that each is the sole and lawful owner of all right, title and interest in an to every claim and other matter which that Party releases herein; and that no party has assigned or transferred to any person or entity, any right, title or interest in the Released Matters.

Page 2
Settlement Agreement and Release
As of October 9, 1999

6.  Each of the Parties to this Agreement has been represented by counsel of its own choosing in connection with the negotiation and preparation of this Agreement, is fully informed as to the meaning and legal significance of this Agreement, and knowingly, and voluntarily agrees to be bound by the terms of this Agreement.

7.  This Agreement shall inure to the benefit of and shall be binding upon the successors, assigns, agents, representatives, heirs and beneficiaries of the Parties and each of them.

8.  This Agreement shall be construed pursuant to the plain meaning of its terms and any ambiguity will not be construed against the party drafting the Agreement. Whenever possible each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision hereof shall be or become prohibited under applicable law, such provision shall be ineffective to the extent of such prohibition, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

9.  This Agreement and the Note embodies the entire understanding of the parties and supersedes all prior and contemporaneous understandings whether written or oral, with respect to the subject matter hereof, and may not be modified or amended except in writing signed by both Parties.

10. This Agreement shall be governed under the laws of the State of California, applicable to agreements made therein.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this agreement.

_____    Date: 10-12-99
Marc Toberoff

_____    Date: 10·12·99
Julio Caro
SSN: ·0337

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled **ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND DENY DISCHARGE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 23, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Amy L Goldman (TR)    gabriela.garcia@lewisbrisbois.com, agoldman@ecf.epiqsystems.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;erika@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Marc Toberoff    mtoberoff@toberoffandassociates.com, tlamoureux@toberoffandassociates.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 23, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Marc Toberoff
Toberoff & Associates, P.C.
22837 Pacific Coast Highway, Suite B #348
Malibu, CA 90265

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 23, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Personal Delivery to Chambers of Hon. Victoria S. Kaufman, United States Bankruptcy Court, San Fernando Division

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 23, 2015 | Erika Rappaport | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE